AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>KRISTINA HAND,<br><br><br><br>Defendant. | )<br>)<br>)  Case No.  3:20-mj-440-DJS<br>)<br>)<br>)<br>)<br>) |

**FILED** U.S. DISTRICT COURT - N.D. OF N.Y.
SEP 01 2020
AT _____ O'CLOCK
John M. Domurad, Clerk - Albany

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the dates of April 9, 2018 through August 12, 2019, in the county of Otsego in the Northern District of New York, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 666(a)(1)(A) | Theft from an organization or governmental agency receiving federal funds |

This criminal complaint is based on these facts:
Please see attached affidavit.

☒   Continued on the attached sheet.

_____
Complainant's signature
FBI Special Agent Vinesh M. Manglavil
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 9/1/2020

_____
Judge's signature

City and State: Albany, NY

Hon. Daniel J. Stewart, U.S. Magistrate Judge
Printed name and title

## Affidavit in Support of a Criminal Complaint

Special Agent VINESH M. MANGLAVIL, of the Federal Bureau of Investigation (FBI), being duly sworn, deposes and states:

### Introduction

1. I respectfully make this affidavit in support of a criminal complaint charging KRISTINA HAND with theft from an organization or governmental agency receiving federal funds, in violation of Title 18, United States Code, Section 666(a)(1)(A).

2. I am an FBI Special Agent, assigned to the Albany Field Office, and have been so employed since 2012. I have been employed by the FBI for more than 15 years, first as a forensic accountant and then as a Special Agent. As a Special Agent I have primarily investigated public corruption and financial crimes. I have developed extensive experience that has provided me with insight into the methods commonly used to commit financial crimes. In the course of conducting criminal investigations, I have been involved in interviewing and debriefing witnesses and informants; conducting physical surveillance; analyzing bank records and other financial documents; analyzing telephone and email records; and preparing and executing search and arrest warrants.

3. The facts in this affidavit come from my personal observations, interviews of witnesses, my training and experience, and my and others' analysis of various records and information. The information contained in this affidavit is not an exhaustive account of everything I know about HAND and this investigation. Rather, it contains only the facts that I believe are necessary to establish probable cause in support of a criminal complaint. Where statements of others are related in this affidavit, they are related in substance and in part.

### Statute

4.  Title 18, United States Code, Section 666(a)(1)(A), provides in pertinent part that "[w]hoever ...being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof ... embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that ... is valued at $5,000 or more, and ... is owned by, or is under the care, custody, or control of such organization, government, or agency," has committed a felony. This criminal prohibition applies only where the person is an agent of an "organization, government, or agency [that] receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." 18 U.S.C. § 666(b).

### Basis for a Finding of Probable Cause

5.  At all relevant times, the Morris Central School District ("MCSD") in Otsego County, New York, was an organization and local government agency receiving in excess of $10,000 from federal programs per year in 2018 and 2019. These programs include student meal assistance funded by the U.S. Department of Agriculture.

6.  At all relevant times, HAND was the Treasurer for the MCSD. On February 13, 2020, MCSD terminated HAND for cause, upon discovering some of the conduct summarized below, as well as other, related conduct.

7.  As the District Treasurer for MCSD, HAND's duties included managing deposits, preparing and posting billing items, following up on billing questions, assisting the superintendent, administrators and supervisors with budget planning, maintenance, transfers and adjustments, and assisting in the writing and tracking of federal grants.

8.      As part of HAND's duties to manage deposits, HAND was required to collect and deposit, to MCSD's designated bank account, checks from former MCSD employees and retirees that were made payable to MCSD; each check represented the payor's cost-share of benefits such as health and dental insurance. MCSD paid for these benefits, and the former employees and retirees paid a portion of the cost.

9.      In approximately December 2019, MCSD became aware that HAND had deposited a retiree benefit check payment for $1,021 into her personal account at Community Bank, NA, instead of into the designated MCSD bank account at Community Bank. According to MCSD officials, when HAND was questioned about the deposit, HAND in summary advised that the deposit into her personal account was a one-time mistake and that she had used the wrong deposit slip. However, further investigation uncovered that HAND had been diverting dozens of retiree benefits checks and other checks payable to MCSD to her personal bank accounts and other accounts she controlled since at least March 2017.

10.     HAND had a personal checking account at Community Bank, with an account number ending in 9792. Between April 9, 2018 and August 12, 2019, HAND deposited into that account approximately $17,259.61 via checks that were made payable to MCSD. HAND used the misappropriated funds to pay for personal, household, and lifestyle expenses.

11.     The following are examples of checks made payable to MCSD that were improperly deposited into HAND's personal bank account ending in 9792:

| Transaction Date | Check Written By | Check Memo | Check No. | Amount |
|---|---|---|---|---|
| 4/9/2018 | D.C | 2 months family health ins. | 5078 | $1,563.20 |
| 7/30/2018 | J.P | July.Aug.Sept. | 1078 | $1,190.40 |
| 8/10/2018 | S.T | Health Ins July 2018 | 1083 | $825.60 |
| 8/30/2018 | D.C | | 5106 | $385.04 |
| 11/30/2018 | K.O | Dental/Health | 1983 | $1,175.47 |
| 1/4/2019 | K.S | health insurance 6 months | 107 | $996.00 |
| 1/4/2019 | L.S | Health& Dental Insurance 1/2019-3/2019 | 4288 | $479.46 |
| 1/25/2019 | J.P | Jan-Mar Ins. | 1114 | $1,893.60 |
| 3/15/2019 | L.G | | 977046 | $673.60 |
| 4/2/2019 | R.A | | 1358 | $340.00 |
| 4/2/2019 | L.S | Dental/Health April May June '19 | 4304 | $479.46 |
| 4/12/2019 | J.P | Apr-May-June Ins. | 1128 | $1,893.60 |
| 5/3/2019 | H.P | | 1645 | $168.40 |
| 5/3/2019 | L.LLC | Medical and Dental for April 2019 | 2024 | $444.00 |
| 5/24/2019 | D.C | Health Insurance | 5152 | $385.04 |
| 7/11/2019 | J.K | Retiree Health Insurance | 3617 | $825.60 |
| 7/11/2019 | K.S | | 133 | $996.00 |
| 7/18/2019 | A.H | Health Insurance | 112 | $191.28 |
| 7/18/2019 | L.L | Health Ins | 287 | $851.00 |
| 8/12/2019 | D.E | Health + Dental Ins. | 5342 | $952.86 |
| 5/10/2019 | O.F.O | | 73872 | $550.00 |

12. HAND was also a signatory on a non profit corporation checking account at Community Bank, with account number ending in 7911, standing in the name of a youth organization. Between March 13, 2017 and April 8, 2019, HAND deposited into this account approximately $6,565.76, in checks that were made payable to MCSD.

13. The following are examples of checks made payable to MCSD that were improperly deposited into the youth organization's bank account:

| Transaction Date | Check Written By | Check Memo | Check No. | Amount |
|---|---|---|---|---|
| 03/13/2017 | E & W. C | Dental 1&2 2017 | 2606 | $182.04 |
| 04/04/2017 | R & K. A | | 1235 | $664.00 |
| 04/04/2017 | T & M. M | Retiree Health Ins | 5791 | $664.00 |
| 03/19/2018 | R & K. A | | 1307 | $664.00 |
| 03/19/2018 | D.C | | 5070 | $781.60 |
| 04/09/2018 | L & B. B | April->June Ins | 1895 | $786.18 |
| 04/09/2018 | L. G | | 977031 | $664.00 |
| 11/14/2018 | J & A. S | $ owed Dental/Med. | 1572 | $648.66 |
| 03/11/2019 | D.C | | 5147 | $385.04 |
| 03/11/2019 | R & K. A | | 1354 | $170.00 |
| 04/08/2019 | L & D.T | 4/3/19 (403B Health Ins) pay correction dues | 11826 | $556.24 |
| 04/08/2019 | B.D.F | | 2835 | $400.00 |

14. As indicated by the above charts, Hand stole and diverted, from MCSD, at least $5,000 in each of 2018 and 2019.

15. I have interviewed some of the former employees/retirees of MCSD concerning the checks listed above, including D.C., who in summary advised that the multiple checks that D.C. issued to MCSD were intended to be used only by MCSD toward D.C's health insurance plan. D.C. did not authorize or intend the funds to go to any other individual or entity.

16. MCSD officials have advised me that HAND's theft did not result in the suspension or termination of any benefits, because MCSD was paying for these benefits up front and the diverted checks were meant to reimburse MCSD for the beneficiaries' share of the cost of the benefits.

## Conclusion

17. Based on the foregoing, there is probable cause to conclude that KRISTINA HAND has committed theft from an organization or governmental agency receiving federal funds, in violation of Title 18, United States Code, Section 666(a)(1)(A). Specifically, there is probable cause to conclude that HAND, from on or about March 19, 2018 until on or about

December 18, 2019, being an agent of Morris Central School District, an agency of a local government that received in excess of $10,000 in federal benefits in each one-year period from 2018 through 2019, embezzled, stole, obtained by fraud, and/or without authority knowingly converted to the use of a person not the rightful owner, or intentionally misapplied, property of a value of $5,000 or more, owned by, and/or under the care, custody and control of, the Morris Central School District.

_____
Vinesh M. Manglavil
Special Agent
Federal Bureau of Investigation

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on September 1, 2020 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Daniel J. Stewart
United States Magistrate Judge